IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| GLEN D. GORE, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | No. 22-CV-064-RAW-JAR |
| ) | |
| DAVID LOUTHAN, Warden, and ) | |
| KERRY L. PETTINGILL, ) | |
| United States Marshal for the ) | |
| Eastern District of Oklahoma, ) | |
| ) | |
| Respondents. ) | |

**OPINION AND ORDER**

Before the Court is Petitioner Glen D. Gore's Motion to Preliminarily Enjoin Respondents from Executing the State Detainer in Violation of the Laws, Treaties, and Constitution of the United States (Dkt. 28). The following history is pertinent to this habeas corpus action.

On June 23, 2006, Petitioner was convicted in Pontotoc County District Court Case No. CF-2001-126 for the first degree murder of Debra Carter in 1982, and he was sentenced to life imprisonment without the possibility of parole (Dkt. 2 at 5, 9). On November 9, 2006, Petitioner filed a state application for post-conviction relief, requesting a direct appeal out of time. *See* Oklahoma State Courts Network at www.oscn.net.[1] The trial court denied the request, and on March 26, 2007, the Oklahoma Court of Criminal Appeals (OCCA) declined

---

[1] The Court takes judicial notice of the public records of the Oklahoma State Courts Network at http://www.oscn.net. *See Pace v. Addison*, No. CIV-14-0750-HE, 2014 WL 5780744, at *1 n.1 (W.D. Okla. Nov. 5, 2014).

jurisdiction over his attempted appeal in Case No. PC-2007-53 (Dkt. 2 at 5-6; *see also* OSCN).

On September 23, 2020, Petitioner filed in the trial court a pro se application for post-conviction relief, alleging that pursuant to *McGirt v. Oklahoma*, __ U.S. __, 140 U.S. 2452 (2020), the state courts lacked prosecutorial authority over his crime (Dkt. 2-2 at 2). The trial court granted the application on March 17, 2021 (Dkt. 2-3).

On March 22, 2021, a criminal complaint was filed in this Court's Case No. 21-CR-119-DCJ, alleging that Petitioner had committed the crime of Murder in Indian Country, and on March 29, 2021, he was arrested by the United States Marshals Service (USMS) at his state facility in Stringtown, Oklahoma.²

Also on March 29, 2021, the Oklahoma Department of Corrections issued a detainer/hold on Petitioner, asking that the Department of Corrections be contacted prior to Petitioner's release from custody (Dkt. 2-1). The detainer states: "Be advised that this serves as a hold/detainer on the above subject for the Oklahoma Department of Corrections. Prior to release from your custody please contact the Oklahoma Department of Corrections . . . . If you transfer this subject to another jurisdiction, please forward this detainer and contact our office." (Dkt. 2-1).

On April 16, 2021, the United States Attorney for the Eastern District of Oklahoma

---

² *See United States v. Ahidley*, 486 F.3d 1184, 1192 n.5 (10th Cir.) (exercising discretion "to take judicial notice of publicly-filed records in our court and certain other courts concerning matters that bear directly upon the disposition of the case at hand"), *cert. denied*, 552 U.S. 969 (2007).

obtained an indictment against Petitioner for the murder of Debra Carter in Indian Country and for the murder of Debra Carter in the perpetration of rape in Indian Country. *See* Case No. 21-CR-119-DCJ.

On September 10, 2021, the OCCA reversed the state district court's post-conviction decision in Case No. PC-2021-244, based on the OCCA's holding in *State ex rel. Matloff v. Wallace*, 497 P.3d 686 (Okla. Crim. App. 2021), which held that *McGirt* does not apply to a conviction that was final when *McGirt* was decided (Dkt. 2-6). In accordance with the OCCA's decision, the state district court reinstated Gore's Judgment and Sentence that had been entered on June 23, 2006. *See* OSCN. On December 9, 2021, Petitioner filed a petition for a writ of certiorari in the United States Supreme Court directed to the question of whether *McGirt* applies retroactively to convictions that were final when *McGirt* was decided (Dkt. 2-9). The Supreme Court denied Petitioner's petition in *Gore v. Oklahoma*, No. 21-883, 142 S.Ct. 1120, 2022 WL 515947 (Feb. 22, 2022) (Dkt. 2-10).

On February 23, 2022, Petitioner filed through counsel this petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 (Dkt. 2), raising two claims for relief:

> Ground One: The reinstatement of Petitioner's state conviction and the detainer are unlawful under the Constitution, treaties, and laws of the United States, because Oklahoma courts lack jurisdiction over the case.
>
> Ground Two: The state of Oklahoma surrendered any claim of jurisdiction over Petitioner Gore by (a) failing to timely object to the enforcement of the writ of habeas corpus issued by the state trial court; and/or (b) by the failing to perfect a timely appeal of that ruling.

*Id*. at 23-26.

On April 18, 2022, Petitioner filed in this habeas case the aforementioned motion for a preliminary injunction (Dkt. 28). He alleges he "is an Indian unlawfully convicted of a crime that occurred in Indian County by an Oklahoma state court that, under the Constitution, treaties, and laws of the United States, lacked jurisdiction to try him." *Id.* at 2. Petitioner also claims that with his state murder conviction vacated, there was no basis to lodge the detainer. *Id.* at 7.

He asks this Court "to quash the Oklahoma detainer, declare any future custody by the Oklahoma Department of Corrections and the state of Oklahoma illegal, and declare the state of Oklahoma courts are without jurisdiction to reinstate Mr. Gore's conviction for the 1982 murder of Ms. Carter within the territorial bounds of the Chickasaw Nation." *Id*. at 5. He further requests this Court to "enjoin the USMS and state of Oklahoma from taking any action on the unlawful detainer until this Court decides whether to grant a writ of habeas corpus." *Id.*

"An injunction is a drastic and extraordinary remedy, which should not be granted as a matter of course." *Monsanto Co. v. Geertson Seed Farms*, 561 U.S. 139, 165 (2010) (citation omitted). Further, to be entitled to injunctive relief, the movant must establish a violation of his constitutional rights. *Rizzo v. Goode*, 423 U.S. 362, 377 (1976) (citation omitted).

The district court may grant a preliminary injunction if the party seeking it shows that "four equitable factors weigh in favor of the injunction." *Westar Energy v. Lake*, 552 F.3d

1215, 1224 (10th Cir. 2009). The factors are (1) a substantial likelihood of prevailing on the merits; (2) irreparable harm in the absence of the injunction; (3) proof that the threatened harm outweighs any damage the injunction may cause to the party opposing it; and (4) that the injunction, if issued, will not be adverse to the public interest. *Id*.

> Three types of preliminary injunctions are disfavored: (1) preliminary injunctions altering the status quo, (2) mandatory preliminary injunctions, and (3) preliminary injunctions granting the moving party all the relief it could recover at the conclusion of a full trial on the merits. These injunctions require strong showings of the likelihood of success on the merits and the balance of harms.

*Id*. (citations omitted).

Petitioner argues he is likely to succeed on the merits of this habeas petition, because his future custody under the terms of the detainer is illegal. He contends he is in the primary custody of federal officials to answer to his indictment, and the state of Oklahoma relinquished custody to the USMS pursuant to a valid arrest warrant after the state trial court granted a writ of habeas corpus. Petitioner also argues that because his future custody by Oklahoma is illegal, he will suffer irreparable harm if he is transferred from federal custody to the state before this Court has the opportunity to pass on the lawfulness of that future custody. He also contends that avoiding future custody would spare the government and the state the expense of shuttling him among facilities and sovereigns and the expense of additional litigation.

Respondent Pettingill (Pettingill) has filed a response to Petitioner's motion for an injunction, alleging he has a limited role in this matter as the United States Marshal for the

Eastern District of Oklahoma (Dkt. 34 at 3). Pettingill asserts he "will defer to the Court's ruling regarding the state detainer and will abide by any order issued by this court." *Id*.

Respondent Louthan (Louthan) alleges in his response to the motion (Dkt. 29) that the requested relief is a disfavored preliminary injunction, because it would alter the status quo and would be mandatory. Louthan also asserts that Petitioner has failed to show a substantial likelihood of success on the merits, because the petition is untimely, Ground One of the petition is not exhausted, and Petitioner is not an "Indian" for purposes of the state murder conviction.[3] Louthan further maintains Petitioner is not likely to suffer harm from the denial of his motion, the harm to the state outweighs any conceivable harm to Petitioner, and Petitioner has failed to show that the injunction would not be adverse to the public interest.

Moreover, Louthan claims that Petitioner's failure to challenge the detainer with respect to five of his six state convictions with active sentences warrants denial of his motion for injunctive relief. The detainer does not reference Petitioner's state murder conviction or otherwise specify which of Petitioner's convictions it concerns (Dkt. 2-1). According to the Oklahoma Department of Corrections Offender website at https://okoffender.doc.ok.gov, Petitioner has five "active" convictions in addition to his life-without-parole sentence for First Degree Murder in Pontotoc County District Court Case No. 2001-126. Petitioner was sentenced in Pontotoc County District Court Case No. CRF-87-39 to 40 years' imprisonment

---

[3] *See also* Respondent Louthon's Pre-Answer Motion to Dismiss 28 U.S.C. § 2241 Petition for Writ of Habeas Corpus as the Improper Vehicle to Challenge Petitioner's Conviction, Untimely and Unexhausted, filed on May 3, 2022 (Dkt. 31).

for each of the following offenses:  First Degree Burglary, Kidnapping, Assault and Battery with a Deadly Weapon, and Pointing a Firearm.  He also was sentenced to five years' imprisonment for Escape from Confinement in Cleveland County District Court Case No. CF-99-674.[4]  While the validity of Petitioner's Pontotoc County murder conviction has been challenged, there is no indication that his remaining convictions are not valid.  *See Daniels v. United States*, 532 U.S. 374, 382 (2001) (recognizing that convictions that have not been set aside on direct or collateral review are "presumptively valid").

Petitioner argues in his reply (Dkt. 40) that he presently is in the lawful custody of the United States, but he is threatened with a future unlawful transfer into unlawful state custody in the form of the allegedly illegal reinstatement of Petitioner's state conviction for murder. Petitioner further alleges his pending habeas petition is timely, he has exhausted his claims in state court, and Oklahoma has failed to place his Indian status in question.

After careful review, the Court finds Petitioner's motion should be DENIED.  As stated above, he is requesting a disfavored injunction.  The Court also finds Petitioner has failed to demonstrate that the equitable factors weigh in favor of the injunction.  *See Westar Energy*, 552 F.3d at 1224.  Further, there are disputed issues regarding whether the petition is timely, whether all claims have been exhausted, and Petitioner's status as an "Indian" as it relates to *McGirt*.  Therefore, the Court finds Petitioner has not demonstrated a substantial

---

[4] Pursuant to Fed. R. Evid. 201, the Court takes judicial notice of the Oklahoma Department of Corrections Offender website at https://okoffender.doc.ok.gov.  *See Triplet v. Franklin*, 365 F. App'x 86, 92, 2010 WL 409333, at *6 n.8 (10th Cir. Feb. 5, 2010).

likelihood of prevailing on the merits.

Finally, as stated above, while the validity of Petitioner's Pontotoc County murder conviction has been challenged, there is no indication that his remaining convictions are not valid. Even if Gore's state conviction for first degree murder were invalidated, he still would be subject to his five other valid state convictions. The Court, therefore, finds Petitioner's motion for injunctive relief should be DENIED.

**ACCORDINGLY,** Petitioner's Motion to Preliminarily Enjoin Respondents from Executing the State Detainer in Violation of the Laws, Treaties, and Constitution of the United States (Dkt. 28) is DENIED.

**IT IS SO ORDERED** this 10th day of June 2022.

Ronald A. White
United States District Judge
Eastern District of Oklahoma